# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 6, 2011

No. 10-10967
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEFFREY DWAYNE HARRISON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-14-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jeffrey Dwayne Harrison pled guilty to two counts of using a facility of interstate commerce to arrange a murder for hire. According to stipulated facts, Harrison was in jail awaiting trial on state drug charges when he spoke to another inmate, who would later become a confidential informant (CI), about hiring someone to murder the judge who was presiding over Harrison's drug case. Harrison then used a telephone to negotiate a $10,000 murder-for-hire

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement with an undercover federal law enforcement agent posing as a contract killer.

Harrison was sentenced to consecutive sentences of 120 months of imprisonment. The 240-month total sentence was 52 months greater than the recommended Guideline maximum sentence of 188 months. The sentence is therefore a non-Guideline sentence. *See United States v. Williams*, 602 F.3d 313, 319 (5th Cir. 2010); *United States v. Saldana*, 427 F.3d 298, 309 n.41 (5th Cir. 2005); U.S. Sentencing Guidelines Manual § 5G1.2 (2010). We review all sentences, inside or outside the Guidelines range, for reasonableness under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 46 (2007).

Harrison first contends that the sentence was procedurally unreasonable because the district court did not specifically address his argument for a lenient sentence. When a sentencing court concludes that a sentence outside the Guidelines is warranted, it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 50 (citation omitted). However, the amount of explanation is subject to the judge's discretion. *Rita v. United States*, 551 U.S. 338, 356 (2007). "Sometimes a judicial opinion responds to every argument; sometimes it does not[,]" and a judge may sometimes rely on the "context and the parties' prior arguments to make the reasons clear." *Id.*

In his objections to the presentence report (PSR), Harrison argued for a lenient sentence based on special circumstances which he called the "imperfect defense of entrapment." He asserted that he had no inclination to commit the crime when he was approached by the CI and that he would have had a perfect defense of entrapment if only the CI had been working for the government at the time he suggested the crime to Harrison. The PSR recounted a wholly different version of events. At sentencing, Harrison merely offered a brief summary of his argument and conceded that it rested on which contrasting version of the offense the court accepted. It was a simple question to which the court provided a

2

simple answer by adopting the PSR and PSR Addendum, including all "background data and information." The court was entitled to rely on the PSR where it was contradicted only by Harrison's objections. *See United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010). In addition, the court stated that Harrison's 13 prior convictions and the other Section 3553(a) factors provided a basis for the sentence. Harrison fails to show that the court's adoption of the PSR and PSR Addendum was inadequate to explain the sentence or that it created a perception of unfair sentencing. *See Gall*, 552 U.S. at 50; *Rita*, 551 U.S. at 356.

In addition, Harrison contends that the sentence was substantively unreasonable because the court's "catechismal" recitation of the Section 3553(a) factors shows that the court unreasonably weighed those factors. District courts are expected to "use their judgment to weigh the relative importance of each [Section 3553(a)] factor in relation to each particular defendant . . . ." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (citation omitted). We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. Harrison merely asks us to reweigh the Section 3553(a) factors, which would be contrary to the deferential review mandated by *Gall. See id.* at 45-46; *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

With respect to the 52-month difference between the 188-month Guidelines range and Harrison's 240-month sentence, we have affirmed similar and greater deviations. *See, e.g., United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005) (affirming increase from guidelines maximum of 41 months to sentence of 120 months); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995) (affirming increase from guidelines maximum of 71 months to sentence of 240 months). Harrison has not established that his sentence was unreasonable or an abuse of discretion.

AFFIRMED.